IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LOCKWOOD,
    Plaintiff
    v.                        Case No. 3:13-cv-51-KRG-KAP
JOHN PREBISH, WARDEN,
CAMBRIA COUNTY PRISON, et al.,
    Defendants

Report and Recommendation

Order and Recommendation

Pending is the motion to dismiss of defendant Primecare Medical, Inc., and Sandra Abbey, CRNP, docket no. 18. It should be granted in part and denied in part. Additionally, having screened the amended complaint under 28 U.S.C.§ 1915A, I recommend that the complaint be dismissed as to defendant Prebish and the categories of defendant described as "City, Mayor, Sheriff & Department" and as "County Jail Employees."

Report

As the court recalls from presiding over the guilty plea and sentencing of the plaintiff, Michael Lockwood, the plaintiff was arrested in February 2011 after indictment by a grand jury, and was for about a year a detainee housed in the Cambria County Prison under the United States Marshal's contract with Cambria County until he was moved to the custody of the Bureau of Prisons after his sentencing on April 5, 2012. Lockwood is currently an inmate at F.C.I. Otisville, New York, serving an 84-month sentence.

Lockwood filed a complaint in March 2013, docket no. 1, that rather vaguely complained of improper treatment of a broken

hand. I ordered plaintiff to amend his complaint, docket no. 3, and Lockwood did so, docket no. 5, docket no. 6, docket no. 7, docket no. 9. I screened the collective documents under 28 U.S.C.§ 1915A and observed that they stated a colorable claim, although it was not clear whether the claim was against a named defendant, and ordered service. docket no. 10. Defendant Primecare Medical, Inc. accepted service as "Medical Staff (Cambria County Prison)" and moved to dismiss the complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6), 28 U.S.C.§ 1915(e)(2)(B). Defendant Sandra Abbey, CRNP, similarly accepted service as "Dr. Abby" and likewise moved to dismiss the complaint. docket no. 18, docket no. 19. Plaintiff Lockwood has replied. docket no. 21.

Let me begin by getting rid of unnecessary, nonexistent, or improperly named defendants. Lockwood names as defendants the warden, John Prebish, and the city (or county) of Ebensburg, the mayor of Ebensburg, local government officials, the Ebensburg County Jail, and John and Jan Doe corrections officers. Ebensburg is a borough, the county seat of Cambria County where the Cambria County Prison is located, but its mayor and other elected officials do not participate in the running of the prison.

As for defendant Prebish and the other Jane Doe corrections or administrative personnel, they are not expected to evaluate or treat the medical needs of inmates either. In the absence of truly unusual circumstances not alleged here, a prison

administrator who delegates medical care decisions to medical personnel within a normally functioning system does not have the requisite subjective state of mind for liability. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004). Plaintiff alleges that, although allegedly inadequate in his case, there was a functioning medical department while he was in the Cambria County Prison. The nonmedical personnel cannot be liable unless they deliberately or negligently put an inadequate medical provider into a position to harm Lockwood, and Lockwood does not remotely allege this.

Lockwood had surgery for a broken hand on December 19, 2011. He complained that his surgery was "delayed" by six days, that he only had one hour of physical therapy, that he was not provided with pain medication by the U.S. Marshal, and that the two pins that were supposed to be removed were not removed on the date originally scheduled in May 2012, because Lockwood then was in transit to F.C.I. Otisville. After the filing of the complaint Lockwood finally had the pins removed while at Otisville, on April 26, 2013. See docket no. 21 at 5, Exhibit to Plaintiff's Brief. The surgical notes rather laconically remark that the pins were not removed as planned because "the patient was subsequently lost to followup."

The only substantial claim here is that Lockwood was caused unnecessary pain and perhaps physical injury by having the pins left in his hand for almost a year after they were allegedly

3

scheduled for removal. During this time, however, defendants Primecare and Abbey were not legally the custodians of the plaintiff and had no ability to provide medical care to Lockwood while in transit. Their motion to dismiss this part of the complaint against them should be granted.

On the facts alleged by the plaintiff, he may have a claim against the Marshal's Service or the Bureau of Prisons for moving him from Cambria County to Otisville without adequate provision for addressing Lockwood's serious medical need. That would be redressed by a claim against the United States under the Federal Tort Claims Act, and plaintiff must begin, as the Court of Appeals for the Third Circuit noted in <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091 (3d Cir.1995) by filing an administrative claim:

Cognizable claims under the FTCA include those that are [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ...[4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the actor omission occurred. 28 U.S.C. § 1346(b); <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, ----, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994)(claim against United States is cognizable under the FTCA if it alleges the six elements outlined above). **Before commencing an action under the FTCA, a claimant must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency, and the claim must have been denied. 28 U.S.C. §§ 2401(b), 2675(a). To be properly presented to the federal agency, the damages claim must be for a sum certain. 28 C.F.R. §14.2(a) (1987). The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to a suit under the FTCA.** <u>Corte-Real v. United States</u>, 949 F.2d 484, 485-86 (1st Cir.1991) (citations omitted, emphasis added).

Lockwood's other claim is that before he was detained he was receiving treatment for a mental health issue, but that once he was detained at the Cambria County Prison, defendant Abbey prescribed thorazine for him, allegedly an unsuitable and toxic medication. Also, allegedly when defendant Abbey was questioned by Lockwood or his former therapist Keiper about the improper side effects that Lockwood was experiencing, Abbey allegedly injured Lockwood by ceasing the medication "cold turkey" rather than weaning him off the medication. Taking plaintiff's allegations at their most expansive, Lockwood is adopting the accusation made by his counsel Chris Brown, Esquire, at a proceeding before this Court that defendant Abbey prescribed thorazine because "it was simply the cheaper alternative."

A prison need not opt for the most expensive medical care possible, and in fact the precedent in this circuit specifically recognizes that local prisons that hold pretrial detainees and other short-term inmates may take both costs and the temporary status of the inmates into account in providing treatment. Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir.1987), cert. denied 485 U.S. 991 (1988)(citing Hamm v. DeKalb County, 774 F.2d 1567, 1573 (11th Cir.1985)). However, choosing an ineffective medical regimen simply because it is the cheaper alternative is not permitted, as the Supreme Court observed in Estelle v. Gamble, 429 U.S. 97, 104 n.10 (1976), when it offered a prison doctor's choice of the

"easier and less efficacious treatment" of throwing away the prisoner's ear and stitching the stump rather than treating the prisoner after an altercation as a paradigmatic example of deliberate indifference.

Allegations, of course, are not evidence, and Lockwood's claim so far rests on what Attorney Brown said therapist Keiper said defendant Abbey was doing wrong. If Lockwood expects to proceed with a negligence claim he will have to file a certificate of merit as required under Pennsylvania law. See Velazquez v. UPMC Bedford Memorial Hospital, 328 F.Supp.2d 549 (W.D.Pa.2004), analyzing Pa.R.Civ.P. 1042.3 in light of Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir.2000). If Lockwood is to be successful on a deliberate indifference claim he will need some expert testimony as to the standard of care for his medical conditions as well as for the issues of causation and damages. But at this state of the proceedings, Lockwood has alleged enough facts to justify proceeding to discovery on three claims: (1) that defendant Abbey was negligent in prescribing thorazine and then failing to wean Lockwood off the medication; (2) defendant Primecare is liable under *respondeat superior* for the alleged negligence of its agent; and (3) defendant Abbey was deliberately indifferent to Lockwood's serious medical needs in prescribing an improper medical treatment. (There is no claim on this basis against PrimeCare because there is no *respondeat superior* liability for deliberate indifference and

plaintiff does not allege any facts permitting an inference that Primecare had a custom or policy of improperly prescribing thorazine as required by Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978). A policy is an official proclamation or edict, while a custom is a practice that is so persistent and widespread as to practically have the force of law. Connick v. Thompson, 131 S.Ct. 1350, 1358-60 (2011). Lockwood alleges neither.)

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

Pending adoption or rejection by the Court of my recommendation, the following pretrial schedule is in effect:

1. Dispositive motions shall be filed with a memorandum in support and responded to by the opposing party within twenty days. Discovery motions may be supported by a letter brief no more than two pages in length and opposed by a letter brief no more than two pages long filed within five days thereafter. Absent order to the contrary, the filing of discovery motions shall not stay discovery or extend the time for the filing of pretrial statements.

2. Any additional discovery shall be propounded on or before November 15, 2013, and completed by December 31, 2013.

3. Motions for summary judgment are not optional and shall be filed on or before January 31, 2014. The filing of

pretrial statements shall be scheduled after the motions for summary judgment have been decided.

DATE: 15 July 2013

_____
Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Michael D. Lockwood, Reg. No. 32781-068
    F.C.I. Otisville
    P.O. Box 1000
    Otisville, NY 10963