IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LOCKWOOD,
    Plaintiff
  v.
PRIMECARE MEDICAL, INC. and
SANDRA ABBEY, CRNP,
    Defendants

Case No. 3:13-cv-51-KRG-KAP

Report and Recommendation

Order and Recommendation

Pending is the motion for summary judgment of the remaining defendants Primecare Medical, Inc., and Sandra Abbey, CRNP, docket no. 42. It should be granted.

Report

As the court recalls from the motion to dismiss stage of this matter, plaintiff Michael Lockwood was a federal pretrial detainee housed in the Cambria County Prison under the United States Marshal's contract with Cambria County until he was moved to the custody of the Bureau of Prisons after his sentencing on April 5, 2012. In 2013 plaintiff Lockwood filed a complaint, subsequently amended, complaining about actions taken by numerous defendants no longer parties to this case, mentioning alleged mistreatment by the United States Marshal Service or Bureau of Prisons who were never named as defendants in this case, and making three claims against these moving defendants: 1) that while at the Cambria County Prison plaintiff was negligently prescribed thorazine by defendant Abbey, then negligently taken off the medication "cold turkey" by defendant Abbey; (2) defendant

Primecare is liable by *respondeat superior* for Abbey's alleged negligence; and (3) defendant Abbey was deliberately indifferent to Lockwood's serious medical needs in prescribing an improper medical treatment.

After discovery, defendants filed a motion for summary judgment, docket no. 42, supported by a brief, docket no. 43, a concise statement of facts, docket no. 44, and an appendix, docket no. 47. I stayed the motions while trying to find counsel for plaintiff but when it became likely that no counsel would be accepting appointment I gave the parties an opportunity to update their responses (plaintiff had previously filed his opposition to the motion for summary judgment at docket no. 53, docket no. 54, and filed a one-paragraph supplement at docket no. 65) and told them that I would be issuing a Report and Recommendation.

Lockwood has no genuine claim for deliberate indifference claim against Abbey. While Abbey does not dispute that Lockwood's mental health condition poses serious medical needs, she asserts that there is no evidence of deliberate indifference. According to the Supreme Court's formulation of the cause of action:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the **official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.**

Farmer v. Brennan, 511 U.S. 825, 837 (1994)(my emphasis). Negligence or even a gross error of judgment does not equal deliberate indifference. Id., 511 U.S. at 843 n.8. Lockwood submits no evidence from which a jury could conclude that either Abbey's administering of thorazine or discontinuance of thorazine (and it must be noted that plaintiff's description of the discontinuance as cessation "cold turkey" fails to recognize that the thorazine was replaced by depakote, a drug that Lockwood then refused) posed substantial risks of serious harm. Lockwood relies on the fact that harm did occur to prove the risk of harm, but the risk to which a defendant must be indifferent is one that must be known in advance, not recognized only in hindsight. Lockwood notes that thorazine has known serious side-effects. He does not quantify them or weigh them against the drug's therapeutic value in his particular treatment. Since thorazine has been in use for at least 50 years it may well be that there are better drugs for whatever condition Lockwood presented (his initial record of a meeting with Abbey indicates a report of bipolar disorder, "antisocial" and possible obsessive-compulsive disorder) or that the amounts of the medication should have been different. Lockwood does not present evidence on this point.

Lockwood was taking seroquel, a drug used to treat bipolar disorder, when he was committed to prison. According to Lockwood, the prison staff and Abbey permitted his wife to bring

3

his existing prescription to the prison until it ran out. docket no. 54 at 5. Abbey's April 26, 2011 note indicates that seroquel was not available (for reasons not of record, but which Lockwood suggests had to do with seroquel's expense) and that a prescription was ordered of thorazine in a dose of 100mg each morning ("QD") and 200mg before bedtime ("QHS"); the July 19, 2001 note indicates a doubling of the dose; the note from August 8, 2011 with Jennifer Petak, a mental health counselor, indicates Lockwood's claim that thorazine is making him worse; the next day Abbey's August 9, 2011 note indicates Lockwood reporting "80 percent of baseline on thorazine at night and none in daytime[.] mood more stable still not quite right but believes this is good" and the plan was to discontinue the morning dose of thorazine. On November 1, 2011, Lockwood reported to Abbey that "meds have him stressed" and "wants depakote" - depakote is also used to treat bipolar disorder - and Abbey's plan was to switch to depakote. Dissatisfaction with this treatment option was the subject of Lockwood's complaints to Petak on November 16, 2011 and November 25, 2011, when Lockwood wanted his depakote stopped and in fact refused further depakote. There is nothing in this record to permit a finding that the treatment plan followed by Abbey posed a substantial risk of serious harm.

Lockwood also submits no evidence from which it could be inferred that if the risk of serious harm from Abbey's actions was substantial that Abbey actually knew (as opposed to should have

4

known) of the risk. Where medical personnel actually provide treatment and it is the adequacy of treatment that is at issue, that is quintessentially a claim of negligence and attempting to recharacterize it as deliberate indifference is improper. The Supreme Court established this at the very outset of its deliberate indifference jurisprudence, in <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976):

> [Plaintiff] contends that more should have been done by way of diagnosis and treatment, and suggests a number of options that were not pursued. ... But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court[.]

Lockwood's evidence amounts to "I was injured as a result of Abbey's treatment," but that hardly puts a claim of deliberate indifference at issue. When a properly instructed jury could only return one verdict based on the evidence of record, as here, then summary judgment is appropriate.

The court could choose to decline supplemental jurisdiction over the state law claim of professional negligence against Abbey and the derivative *respondeat superior* claim against PrimeCare. If the court chooses to address this portion of the motion, Pennsylvania has a rule of procedure, Pa.R.Civ.P. 1042.3, that requires plaintiffs to file a certificate of merit in professional negligence claims. The rule is designed to weed

5

out insubstantial professional negligence claims by requiring a plaintiff to certify either that an appropriate professional believes that the defendant (personally in Abbey's case or vicariously in PrimeCare's case) deviated from the applicable standard of care, or that the matter is so cut and dried that no expert testimony is necessary. That rule is substantive law and under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), must be applied to Pennsylvania state law claims just as if Lockwood's complaint had been filed in a state court. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir.2011).

Lockwood submitted, like many inmate plaintiffs do, a *pro se* certificate of merit. Lockwood's is better than most because it presents an actual argument: that Abbey is not a medical doctor and therefore any prescription or administration of thorazine under her supervision is negligence *per se*. See docket no. 38, docket no. 37. Defendants deny this. See docket no. docket no. 38-1 Answer to Interrogatory 6. To the extent that the dated precedent I have found is still good law, defendants have the better of this argument. See Cox v. Hecker, 218 F.Supp. 749, 753 (E.D.Pa.1963), aff'd, 330 F.2d 958 (3d Cir.1964). In any case, a *pro se* certificate of merit is – unless the *pro se* plaintiff happens to be an expert in the field at issue, which Lockwood does not claim to be – is equivalent to asserting that no certificate of merit is necessary.

Turning from negligence *per se* to the general claim of negligence against defendant Abbey, plaintiff Lockwood must produce some evidence of the standard of care on the administration of medications for the treatment of Lockwood's condition, and of Abbey's breach thereof. With all but the most self-evident medical malpractice actions a plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation. <u>Quinby v. Plumsteadville Family Practice, Inc.</u>, 907 A.2d 1061, 1070-71 (Pa.2006)(holding that under the circumstances *res ipsa loquitur* applied). The standards for administering thorazine, the appropriate amount, the management of side effects, and the factors motivating cessation of thorazine in favor of other medicines such as depakote or seroquel are exactly the sort of matters about which expert testimony is required.

Under <u>Liggon-Redding</u>, a plaintiff can comply with Rule 1042.3 by filing a certificate of merit asserting that no expert testimony is necessary. Under Rule 1042.3(a)(3), however, a plaintiff who certifies that no expert is necessary cannot absent exceptional circumstances subsequently present expert testimony on the same claim. Because this is not one of the few medical negligence cases where the alleged negligence of the defendants would be apparent without the testimony of an expert witness, <u>see</u> e.g. <u>Quinby</u>, summary judgment must be granted to

7

defendants on the state law claim of negligence. Lockwood insists vehemently that Abbey's negligence should be obvious, but again his conclusion of negligence is due to his claim of injury after the fact. Expert testimony is needed to show why Abbey should have known before the fact why her treatment decisions were faulty. In the absence of such evidence in the record summary judgment must be entered for the defendants.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 1 March 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Michael D. Lockwood, Reg. No. 32781-068
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640